IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS W. DOYLE AND PATRICIA DOYLE, H/W, INDIVIDUALLY AND ON BEHAL OF OTHERS SIMILARLY SITUATED, | : : : : : : | CIVIL ACTION<br><br>CLASS ACTION<br><br>02-CV-02939 |
| Plaintiffs | : : | |
| v. | : : | |
| MELLON BANK, N.A.,   ET AL. | : | |

NOTICE OF REMOVAL FROM
UNITED STATES  DISTRICT COURT
TO UNITED STATES BANKRUPTCY COURT
<u>PURSUANT TO B.R.C.P. 9027</u>

TO THE CLERK OF THE STATES DISTRICT COURT:

Notice is hereby given that, on the 2nd day of June, 2003, the representative plaintiff in the captioned Class Action Civil Action matter, Thomas W. Doyle, filed for protection pursuant to 11 U.S.C. Chapter 13, docketed as 03-18467 KJC.  Relief has been ordered.

The captioned case was originally filed as a Pennsylvania statewide class action that asserted violations of various Pennsylvania statutes including 73 P.S. § 201.1, *et seq.*, 73 P.S. § 2270.4, *et seq.*, unfair trade practices, and various Pennsylvania state issues of common law involving breach of contract, misrepresentation, and fraudulent misrepresentation.  Plaintiff asserts that these causes of action developed from Mellon's actions as a secured creditor in and as a result of a preceding bankruptcy proceeding and thereafter, as set forth below.

The captioned matter is a Class Action.

The facts which are the basis of the causes of action are as follows:

Plaintiff, Thomas W. Doyle, had filed for relief in bankruptcy in 1993, docket number 93-13861. Mellon Bank, N.A. ("Mellon") filed its proof of claim setting forth its pre-petition arrears in the amount of $3,402.00. Mr. Doyle successfully completed his Chapter 13, paying Mellon its proof of claim in full, including the attorney's fees and costs set forth therein. After discharge, Mr. Doyle refinanced his mortgage, and, to satisfy the mortgage, Mellon demanded payment of the following additional sums: $5,604.28 for additional pre-petition attorney's fees and costs, and $3,136 for post-petition, pre-discharge, bankruptcy-related, attorney's fees and $117.96 costs, none of which was noticed to any person prior to the post-discharge demand for payment, and none of which were the subject of application to and approval by the Bankruptcy Court.

The defendants other than Mellon acted as debt collectors and conspirators of Mellon in an effort to collect these fees which Plaintiffs considers unlawful.

Procedurally, these circumstances were the subject of a federal district court cause of action (00-CV- -2654 LP) in the Eastern District of Pennsylvania. The federal claims were dismissed. The captioned matter was later brought asserting state claims only[1], the basis of which nonetheless are the pre-petition and bankruptcy-related attorney's fees and costs demanded by and paid to Mellon at plaintiff's refinance. Defendants removed the case to federal district court, as captioned.

---

[1] This case was filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term 2002, Number 2715.

2

The case is being removed to Bankruptcy Court as it constitutes an asset of the debtor's estate, and the determination of the case will have a profound effect upon the debtor's estate and his ability to properly fund his Chapter 13 plan. This case is believed to be a "core proceeding" pursuant to 28 U.S.C. § 157(a)(2) as it involves substantive rights of a debtor in bankruptcy breached by Mellon, with the causes of action derived distinctly and solely within the context of a [the preceding] bankruptcy case. In fact, the issues of charging pre-petition fees and costs after discharge, and of charging *sub silentio* accumulated post-petition, bankruptcy-related attorney's fees and costs, not noticed and not the subject of the Bankruptcy Court's review and determination of "reasonableness" and the other criteria of section 506(b), could not have arisen other than within the context of a bankruptcy proceeding, albeit the preceding proceeding.

In any event, if this case is determined as "related to" and not a "core proceeding", Plaintiff does consent to the entry of final orders by the Bankruptcy Judge.

Attached to this Notice of Removal to the United States Bankruptcy Court for the Eastern District of Pennsylvania is a Certificate of Service and a true and correct copy of the Amended Complaint, and the docket entries.

Debtor's/plaintiff's attorney is the same attorney as in the Class Action. This Notice of Removal is signed by the undersigned with the understanding that his execution of this document is made pursuant to Rule 9011, and is made after his good faith investigation and his knowledge of the case, and its history.

Respectfully submitted:

/s/ Stuart A. Eisenberg
_____
Stuart A. Eisenberg
Carol B. McCullough
MCCULLOUGH & EISENBERG, P.C.
Suite 201
530 West Street Road
Warminster, PA 18974
1-215-957-6411

Attorney for Plaintiffs