IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. DOYLE AND PATRICIA DOYLE, HUSBAND AND WIFE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED<br><br>v.<br><br>MELLON BANK, N.A., DAVIS & REILLY, P.C., REED J. DAVIS, DAVIS DAVIS ATTORNEYS, P.C. and JOHN DOES 1 THROUGH 50 | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 02-CV-2939<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

### I.  INTRODUCTION

Dissatisfied with the final judgment of this Court, Plaintiffs, Thomas W. Doyle and Patricia Doyle ("Plaintiffs"), have filed another putative class action against Mellon Bank, N.A. ("Mellon") and its counsel Davis and Reilly P.C. ("Davis and Reilly"), Reed J. Davis, and Davis Davis Attorneys, P.C. ("Davis and Davis") that raises some of the same claims and issues that were dismissed with prejudice by this Court on March 29, 2002. The Plaintiffs' attempt to re-litigate these claims and issues must fail. In other instances, the Plaintiffs raise state law claims that are preempted by the Bankruptcy Code. Consequently, these preempted state law claims also fail as a matter of law and should also be dismissed.

### II.  BACKGROUND

The Plaintiffs are not strangers to this Court. On May 24, 2000, Mr. and Mrs. Doyle brought another class action, Civil Action No. 00-CV-2654 ("Doyle I"), alleging that Mellon and its counsel, Davis & Reilly and Reed J. Davis, wrongfully demanded payment from the Plaintiffs for attorneys fees and costs arising from the Defendants' collection and mortgage foreclosure actions associated with Mr. Doyle's Chapter 13 bankruptcy case.

The Plaintiffs' original complaint in Doyle I alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et.seq.*, the bankruptcy discharge provision of the Bankruptcy Code, 11 U.S.C. § 524, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(6).[1] The Plaintiffs also raised state law claims for breach of contract, unfair trade practices, misrepresentation, and fraudulent misrepresentation and sought injunctive relief.[2] On August 10, 2000, the Plaintiffs amended their complaint in Doyle I to add a claim that the mortgage did not authorize Mellon to charge attorneys fees for bankruptcy, and bankruptcy-related activity. A copy of the Plaintiffs' amended complaint from Doyle I is attached as Exhibit 1.

The Defendants moved to dismiss the Plaintiffs' amended complaint in Doyle I primarily on the basis that Mellon was entitled to the claimed reimbursement of its attorneys fees and costs under federal bankruptcy law, notwithstanding Mr. Doyle's discharge. The Defendants noted that both Plaintiffs were obligated under the note and mortgage to Mellon, and that the mortgage imposed liability on both Plaintiffs for Mellon's attorneys fees and costs. The Defendants argued that, under the applicable bankruptcy law, Thomas Doyle's bankruptcy discharge did not extinguish the obligation of the co-debtor, Patricia Doyle, who did not join in Mr. Doyle's bankruptcy filing. The Defendants further argued that Mr. Doyle's bankruptcy discharge did not extinguish Mellon's lien on the mortgaged property, which secured the contractual obligation to pay Mellon's attorneys fees and costs. For those reasons, the

---

[1] The Plaintiffs alleged FDCPA violations by Defendants Davis Reilly and Reed Davis only.

[2] The Plaintiffs' claims for breach of contract, misrepresentation and fraudulent misrepresentation were only alleged against Mellon.

Defendants argued, Mellon could lawfully collect the remainder of the amounts owed, along with the costs and attorneys fees, notwithstanding Mr. Doyle's discharge.

On March 29, 2002, this Court: 1) granted the Defendants' motion to dismiss in Doyle I; 2) dismissed Counts I, II, and III of the amended complaint (which alleged RICO, bankruptcy law and FDCPA violations) with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and 3) dismissed Counts IV, V, VI, and VII of the amended complaint (which raised state law claims for breach of contract, unfair trade practices, misrepresentation, and fraudulent misrepresentation) without prejudice pursuant to 28 U.S.C. § 1367(c)(3). A copy of the Court's March 29, 2002 Order in Doyle I is attached as Exhibit 2.

### III.   STATEMENT OF THE CASE

The Plaintiffs initiated this case by filing their seven count putative class action Complaint in the Pennsylvania Court of Common Pleas for Philadelphia County ("Doyle II"). The Complaint in Doyle II also centers around the Plaintiffs' allegation that Mellon's attempts to recover its attorneys fees and costs arising from Mr. Doyle's Chapter 13 bankruptcy case violated the Bankruptcy Code. A copy of the Plaintiffs' Complaint in Doyle II is attached as Exhibit 3. Count I of the Plaintiffs' Complaint in Doyle II re-alleged the same claim under the FDCPA that this Court had dismissed in March in Doyle I. Count II alleged that the Defendants engaged in unfair trade practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et.seq.*, based on the alleged violation of the FDCPA. Counts IV, V, and VI raised state law claims for breach of contract, misrepresentation, and fraudulent misrepresentation, and Count VII again requested injunctive relief. Count III, which was not raised in Doyle I, alleged that the Defendants violated Pennsylvania's Loan Interest and Protection Law, 41 P.S. § 401, *et.seq*.

On May 16, 2002, the Defendants filed a Joint Notice of Removal with this Court based upon the federal claims alleged in the Plaintiffs' Complaint. Following discussion between counsel for the Plaintiffs and Defendants, the parties filed a Stipulation and Order For Extension of Time (the "Stipulation") with the Court on May 23, 2002, which granted the Defendants a thirty day extension of time to answer or move to dismiss the Complaint. In addition, the Stipulation also stated that should the Plaintiffs file an amended complaint which did not allege any federal claims, the Defendants would consent to a remand of the case to the Court of Common Pleas of Philadelphia County. The Court signed the order granting the stipulation on May 29, 2002, a copy of which is attached as Exhibit 4.

On May 30, 2002, the Plaintiffs served a copy of their First Amended Class Action Complaint on counsel for the Defendants via overnight mail. As was true with their prior Complaint in this case, the Amended Complaint raises claims based on alleged breach of contract (Count I), Pennsylvania's Loan Interest and Protection Law (Count III), unfair trade practices (Count IV), misrepresentation (Count V), and fraudulent misrepresentation (Count VI), and again seeks injunctive relief (Count VII). In addition, the Amended Complaint adds a claim for an alleged breach of the obligation of good faith and fair dealing (Count II).[3] Counts II and III in the Amended Complaint in Doyle II were never raised in Doyle I.

Despite prior assurances to the contrary, the Amended Complaint continues to assert federal claims. For example, although the Amended Complaint removes the separate count for the alleged violation of the FDCPA that this Court dismissed in Doyle I, the same claim is now asserted as a per se violation of the Pennsylvania Unfair Trade Practices and

---

[3] The Plaintiffs' claims for alleged breaches of contract and the obligation of good faith and fair dealing were only alleged against Mellon.

Consumer Protection Law.  First Amended Complaint, ¶ 143, n.28.  Likewise, the Plaintiffs in the Amended Complaint allege Bankruptcy Code violations, including an alleged violation of Section 524 of the Bankruptcy Code, as a basis for their unfair trade practices claim.  Id. at ¶ 151.

### IV.   STANDARD FOR DISMISSAL

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the allegations made in the Complaint.  Ditri v. Coldwell Banker Residential Affiliates, Inc., 954 F.2d 869, 871 (3d Cir. 1992).  In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider the factual allegations in the Complaint, exhibits attached to the Complaint, matters of public record and undisputedly authentic documents submitted by a defendant relating to the plaintiff's claims.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).  While the court must view the Complaint in the light most favorable to the plaintiff, the court need not, however, "credit a complaint's 'bald assertions' or 'legal conclusions.'"  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); see also Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988) (The question is whether "the facts alleged in the complaint, even if true, fail to support the . . . claim").  When no set of facts could be proven that would guarantee a right to relief, the case must be dismissed.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 (3d Cir. 1994).

## V. ARGUMENT

A. To the Extent the Plaintiffs' Claims are Based on Alleged Violations of the FDCPA or Section 524 of the Bankruptcy Code, the Claims Are Barred By Collateral Estoppel and/or Res Judicata.

The Plaintiffs are not entitled to a second bite at the same apple. Through their Amended Complaint, the Plaintiffs seek to undo the decision of this Court, which was rendered less than three months ago. In Doyle I, this Court dismissed with prejudice the Plaintiffs' claims under the FDCPA and Section 524 of the Bankruptcy Code. In Doyle II, the Plaintiffs have raised the same alleged violation of the FDCPA, and the same alleged violation of Section 524 of the Bankruptcy Code, now in the guise of state law claims, including particularly a claim of unfair trade practices. Such claims, however, are barred by the doctrines of collateral estoppel and/or res judicata and should be dismissed.

The doctrine of collateral estoppel, or issue preclusion, ensures that "once an issue is actually determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979). Issue preclusion applies where: 1) the issue to be precluded is the same as was involved in the prior case; 2) that issue was actually litigated; 3) it was determined by a final and valid judgment; and 4) the determination was essential to the judgment in the prior case. Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1231-32 (3d Cir. 1995).

A comparison of the Plaintiffs' claims under the FDCPA and Section 524 of the Bankruptcy Code in Doyle I with their claim for unfair trade practices in Doyle II reveals that all of the elements required for issue preclusion are present. First, the issues to be precluded – whether the Defendants violated the FDCPA or the Bankruptcy Code – were also involved in Doyle I. Second, the issues were actually litigated through the Defendants' motion to dismiss in

Doyle I.  Third, the issues were conclusively determined in this Court's March 29, 2002 order in Doyle I.  Fourth, the determination of both issues was essential to the March 29, 2002 order because it was the basis for the dismissal of the claims under the FDCPA and Bankruptcy Code in Doyle I.

Because all of the requirements for collateral estoppel are present, the Court should dismiss the Plaintiffs' state law claims to the extent that those claims rely on alleged violations of the FDCPA and/or Section 524 of the Bankruptcy Code.

In the alternative, the Plaintiffs' claims based on alleged FDCPA and/or Bankruptcy Code violations are barred by the doctrine of res judicata.

The purpose of res judicata, sometimes referred to as claim preclusion, is to avoid piecemeal litigation of claims arising from the same events.  Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999).  Claim preclusion bars the litigation of claims where:  1) there was a final judgment on the merits in a prior case; 2) the prior case involved the same parties or those in privity with them; and 3) the later suit involves the same cause of action.[4]  Churchill, 183 F.3d at 194.

The first requirement for claim preclusion, a final judgment on the merits in a prior case, may be satisfied by a previous dismissal for failure to state a cause of action.  Richard Johnson Honeyshine Shoe Express Services v. U.S. Equity Realty, Inc., 125 F.Supp.2d 695 (E.D.

---

[4] In cases such as this, federal law determines the res judicata effect of a prior federal court judgment.  Kuhns v. CoreStates Financial Corp., 998 F.Supp. 573, 575 (E.D. Pa. 1998).  Even if this was not the case, Pennsylvania law mirrors federal law regarding claim preclusion.  Tyler v. O'Neill, 52 F.Supp.2d 471, 474 (E.D. Pa 1999).

Pa. 2000) (finding claim preclusion based on an order in a prior case that dismissed the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure). Further, although res judicata is an affirmative defense, it may be properly raised in a motion to dismiss for failure to state a claim. Tyler, 52 F.Supp.2d at 474 (granting motion to dismiss complaint on the basis of claim preclusion). See also, James v. City of Philadelphia, No. Civ. A. 98-4916, 1999 WL 674371 (E.D. Pa. August 19, 1999) (stating that dismissal of federal claims with prejudice was a final judgment on the merits for res judicata purposes, even though state law claims were dismissed without prejudice).

The second requirement for claim preclusion, that the latter suit involve the same parties or those in privity with them, may not be overcome by minor changes in named defendants. Williams v. Lehigh County Dept. of Corrections, 19 F.Supp.2d 409, 412 (E.D. Pa. 1998). In successive suits against different parties, res judicata will still apply so long as there is a close relationship between the successive defendants Id.

With respect to the third requirement for claim preclusion, that the two lawsuits be based on the same cause of action, the Third Circuit has indicated that its takes a broad view that focuses on "the essential similarity of the underlying events giving rise to the various legal claims." CoreStates Bank v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999). Thus, a final judgment on the merits not only bars the parties from relitigating issues that were raised in the first case, but also bars litigation of issues that could have been, but were not raised. Id.

All of the prerequisites to res judicata are present in this case with respect to the Plaintiffs' claims based on alleged FDCPA and/or Bankruptcy Code violations. First, this Court's dismissal of the Plaintiffs' claims with prejudice in Doyle I was a judgment on the merits. Second, the Plaintiffs and Defendants in this case are virtually identical with those present in

Doyle I.  The only additional party in this case, Defendant Davis & Davis, is in privity with and obviously shares a close relationship with its predecessor and Codefendant, Davis and Reilly. Finally, the underlying events asserted in support of the claims in this case are indistinguishable from those raised in Doyle I.  Consider how the Plaintiffs themselves have framed the legal issues in both cases:

First Amended Complaint, Doyle I, Civil Action No. 00-CV-2654

¶ 14.  The questions of law governing the rights of each member of the Class are the same as they relate to plaintiffs:

> a.    Does the failure of MELLON to assert claims in Bankruptcy Court for the latter's approval of pre-petition attorney's fees and costs and for post-petition attorney's fees and costs bar collection or attempts at collection of these illegal attorney's fees and costs?
>
> b.    Are the post-discharge attempts to collect unapproved pre-petition fees and costs violative of 11 U.S.C. § 524?
>
> c.    Are the post-discharge attempts to collect unapproved post-petition, pre-discharge, fees and costs violative of 11 U.S.C. § 524? . . .
>
> e.    Does MELLON have any entitlement to collect pre-discharge post-petition, attorney fees and costs for bankruptcy related services, which were:
>
>> i)  Not provided for in any amended confirmed bankruptcy plan;
>>
>> ii) Not granted or approved by any Order of Court. . . . .

First Amended Complaint, Doyle II, Civil Action No. 02-CV-2939

¶ 95  The primary, basic, and constant issues in this case are only that:

> a.  Pre-petition attorney's fees and costs must be the subject of an allowed proof of claim, and
>
> b.  Bankruptcy-related attorney's fees and costs must be the subject of application to and approval by the Bankruptcy Court.

Thus, according to the Plaintiffs' own complaints, the central issue in both cases is whether the Defendants acted properly in attempting to recover their attorneys fees and costs associated with Mr. Doyle's bankruptcy case.

Because all of the prerequisites to the application of res judicata are present in this instance, the Court should dismiss the Plaintiffs' claims to the extent that they rely on alleged FDCPA and/or Bankruptcy Code violations based on this Court's decision in Doyle I.

B.   The Plaintiffs' Claims II and III Are Barred by the Doctrine of Res Judicata.

The Amended Complaint in this case raises two new claims, Counts II and III, which are based on the same issues alleged in Doyle I, but which were not raised in that case. These claims are also barred under the doctrine of res judicata and should be dismissed from this case.

As discussed, all of the requirement for the application of claim preclusion are present in Doyle II based upon the Court's decision in Doyle I.  Where the requirements for claim preclusion are met, any claims that were or could have been raised previously must be dismissed as precluded. Churchill, 183 F.3d at 194.  For example, in Churchill, the Third Circuit stated: "The fact that [the plaintiff] advanced different legal theories does not mean that her second action will not be precluded." Id. at 195.  This is, of course, consistent with the requirement that a party must raise all of the alleged grounds of recovery arising from a single transaction in a single lawsuit. Tyler, 52 F.Supp.2d at 474.

An instructive case comes from the First Circuit.  In Kale v. Combined Insurance Co. of America, 924 F.2d 1161 (1st Cir. 1991) the First Circuit, under facts similar to those in this case, held that res judicata precluded a plaintiff from raising new state law claims following the rejection of a federal claim on the merits and the dismissal of a pendent state law claim without prejudice.  In reaching its conclusion, the First Circuit reasoned that the because all of the requirements for res judicata were otherwise present – a final judgment on the merits, the same parties, and the same cause of action – there was no justification for not finding claim preclusion on the new state law claims.  Indeed, the court recognized that res judicata is not

merely a matter of procedure or practice, but "a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts." Id. At 1168, quoting, Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 294, 401.

Because all of the elements of res judicata or claim preclusion are present with respect to Claims II and III of the Amended Complaint, and those claims were not raised in Doyle I, those claims should be dismissed for failure to state a cause of action under Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

C.  To the Extent That the Plaintiffs' State Law Claims Rely on Any Alleged Bankruptcy Code Violations, Those Claims Are Preempted By the Bankruptcy Code.

The Plaintiffs' state law claims in this case are preempted by the Bankruptcy Code insofar as the claims rely on alleged Bankruptcy Code violations. Throughout their Amended Complaint, the Plaintiffs' repeatedly focus on one key issue in this case: Did the Defendants comply with the Bankruptcy Code in seeking to recover their attorneys fees and costs associated with Mr. Doyle's Chapter 13 bankruptcy case? In no less than twenty-four different paragraphs, the Plaintiffs either point to requirements of the Bankruptcy Code or allege violations thereof. See, First Amended Complaint, ¶¶ 1, 2, 3, 7, 19, 30, 31, 32, 38, 47, 50, 54, 67, 78, 86, 90, 91, 92, 93, 94, 139, 148, 150, 151.

Courts in this district have focused on the scope and complexity of the Bankruptcy Code in rejecting claims under both state and federal laws for similar claims under the Bankruptcy Code. Raymark Indus., Inc. v. Baron, No. Civ. 96-7625, 1997 WL 359333 (E.D. Pa. June 23, 1997) (holding state law claims preempted by Bankruptcy Code); In re Lesniewski, 246 B.R. 202 (Bankr. E.D. Pa. 2000) (holding claim under 42 U.S.C. § 1983 precluded by Bankruptcy Code); Hendrickson v. Philadelphia Gas Works, 672 F. Supp. 823 (E.D. Pa. 1987) (holding claim under 42 U.S.C. § 1983 precluded by Bankruptcy Code).

Indeed, in Heiland v. Dovenmuehle Mortgage, Inc., No. 99-19056, Adv. No. 00-0610, 2001 WL 32658 (Bankr. E.D. Pa. Jan. 3, 2001), another case brought by Plaintiffs' counsel which sought non-bankruptcy (state law) remedies for alleged wrongful imposition of attorney fees, the defendant argued that the plaintiff's state law claims were preempted by the Bankruptcy Code.  Although she did not directly rule on this issue (as she dismissed the case on other grounds), Judge Sigmund expressly recognized the preemptive effect of the Bankruptcy Code. Heiland, 2001 WL 32658 at *3, n.7 (citations omitted); see also Raymark, 1997 WL 359333 (E.D. Pa. June 23, 1997) (holding state law claims preempted by Bankruptcy Code).

This is so because the Bankruptcy Code exclusively governs where a plaintiff alleges a violation of the bankruptcy process.  See MSR Exploration, Ltd. V. Gypsy-Highview Gathering Sys., Inc., 74 F.3d 910, 913 (9th Cir. 1991).  In MSR Exploration, a Chapter 11 debtor brought an action under state law for malicious prosecution against a creditor, alleging that the defendant had filed and pursued payment of improper proofs of claim in the debtor's bankruptcy. Id. at 911.  The Ninth Circuit held that the plaintiff's state law claims were preempted by the Bankruptcy Code, observing:

> the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrate[ ] Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike.  While it is true that bankruptcy law makes reference to state law at many points, the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal.  It is very unlikely that Congress intended to permit the superimposition of state remedies on the many activities that might be undertaken in the management of the bankruptcy process.

Id. at 914 (footnote and citation omitted); see also In re Knox, 237 B.R. 687, 701 (Bankr. N.D. Ill. 1999) (dismissing a Chapter 13 debtor's claim against a lender under Illinois Consumer Fraud Act and common law theories for alleged filing of inflated secured proofs of claim and

holding that the "expansive reach of the [Bankruptcy] Code preempts virtually all claims relating to alleged misconduct in the bankruptcy courts").

Permitting separate causes of action which presuppose a violation of the bankruptcy code "would undermine the uniformity the Code endeavors to preserve and would stand as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress" in carrying out its constitutional mandate to provide uniform bankruptcy laws. Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 426 (6th Cir. 2000) (quotation omitted); see also U.S. Const. Art. 1, § 8.

In this case, the Plaintiffs allege several different claims, all of which are based in whole or in part upon the Defendants' conduct in attempting to recoup their attorneys fees and costs that arose from Mr. Doyle's bankruptcy case. These alleged state law claims are preempted by the Bankruptcy code. In fact, the Plaintiffs in their original Complaint in this case explicitly acknowledged the preemptive effect of the Bankruptcy Code. See, Complaint (attached as Exhibit 3) ¶ 93 ("The Bankruptcy Code . . . preempts state law."). Consequently, the Plaintiffs' state law claims that rely on alleged violations of the Bankruptcy Code are preempted by the Bankruptcy Code and should be dismissed. See also Eastern Equip. & Servs. Corp. v. Factory Point Nat'l. Bank, 236 F.3d 117, 121 (2d Cir. 2001) (finding state law claims of intentional and negligent infliction of emotional stress, bad faith breach of fiduciary duties, fraud, harassment and tortious interference were preempted because such claims were based on alleged violations of the Bankruptcy Code); Shiner v. Moriarty, 706 A.2d 1228, 1237-38 (Pa. Super. Ct. 1998) (holding that Pennsylvania state law claims were preempted by the Bankruptcy Code), appeal denied, 556 Pa. 711, 729 A.2d 1130 (1998); Cox v. Zale Delaware, Inc., No. 97C 4464, 1998

WL 397841 at *5 (N.D. Ill. July 13, 1998) ("The expansive reach of the [Bankruptcy] Code preempts virtually all claims relating to misconduct in the bankruptcy courts").

D.  The Plaintiffs' Remaining State Law Claims Should be Dismissed for Lack of Subject Matter Jurisdiction.

In addition to basing their state claims on alleged FDCPA and Bankruptcy Code violations, in some instances the Plaintiffs also base their claims on purely state law grounds. In the event that the Court grants the Defendants' motion and dismisses the Plaintiffs' claims based on federal law violations, the Defendants request that the remaining state law claims be dismissed for lack of subject matter jurisdiction.

### VI. CONCLUSION

For all the reasons set forth above, the Defendants respectfully request that the Court: 1) dismiss with prejudice the Plaintiffs' claims to the extent that they are based on alleged violations of the FDCPA or Section 524 of the Bankruptcy Code, as barred by collateral estoppel and/or res judicata; 2) dismiss with prejudice Counts II and III of the Amended Complaint, as barred by res judicata; 3) dismiss with prejudice the Plaintiffs' claims to the extent that the claims rely on any alleged violations of the Bankruptcy Code, as preempted by the Bankruptcy Code; and 4) dismiss the Plaintiffs' remaining state law claims for lack of subject matter jurisdiction.

Respectfully submitted,

_____

John M. McIntyre, Esquire
PA I.D. No. 78739
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Louis W. Schack
PA I.D. No.  78864
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301

Counsel for Defendants

Of Counsel:
Thomas L. Allen, Esquire
PA. I.D. No. 33243
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Dated:  June  13, 2002

PGHLIB-0949125.01-JMMCINTY
November 21, 2002  2:03 PM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. DOYLE AND PATRICIA DOYLE, HUSBAND AND WIFE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED<br><br>v.<br><br>MELLON BANK, N.A., DAVIS & REILLY, P.C., REED J. DAVIS, DAVIS DAVIS ATTORNEYS, P.C. and JOHN DOES 1 THROUGH 50 | Civil Action No. 02-CV-2939 |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Defendants' Motion to Dismiss and Plaintiffs' Opposition thereto, IT IS ORDERED that: 1) Defendants' Motion to Dismiss is GRANTED; 2) The Plaintiffs' claims are DISMISSED with prejudice to the extent that they are based on alleged violations of the FDCPA or Section 524 of the Bankruptcy Code; 3) Counts II and III of the Amended Complaint are DISMISSED with prejudice; 4) The Plaintiffs' claims are DISMISSED with prejudice to the extent that they rely on any alleged violations of the Bankruptcy Code; 5) The remaining state law claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

By the Court:

_____
, J.