**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS W. DOYLE AND PATRICIA DOYLE, HUSBAND AND WIFE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | : : : : : | |
| v. | : : : | Civil Action No. 02-CV-2939 |
| MELLON BANK, N.A., DAVIS & REILLY, P.C., REED J. DAVIS,  DAVIS DAVIS ATTORNEYS, P.C. and JOHN DOES 1 THROUGH 50 | : : : : : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

**I.        INTRODUCTION**

The ruling of this Court should stand.  On March 29, 2002, this Court dismissed with prejudice these same Plaintiffs' claims alleged under the bankruptcy discharge provision of the Bankruptcy Code, 11 U.S.C. § 524, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(6).  In addition, the Court dismissed without prejudice the Plaintiffs' state law claims.  Instead of accepting the Court's decision and re-filing the remaining state law claims in state court, the Plaintiffs chose instead to try to resurrect the dismissed federal claims by no less than twenty-five references to the Bankruptcy Code and the FDCPA in the Amended Complaint.

As was demonstrated in the Memorandum in Support of the Defendants' Motion to Dismiss, the Plaintiffs' attempt to re-litigate their federal claims under the Bankruptcy Code and the FDCPA is prohibited under the doctrines of res judicata and collateral estoppel.  This Court is in the best position to adjudicate the meaning of its March 29, 2002 ruling and its effect on the Plaintiffs' current claims.  Further, the preemptive effect of the Bankruptcy Code precludes the Plaintiffs' continued reliance on alleged Bankruptcy Code violations to support

their purported state law claims.  The Plaintiffs' opposition offers no legal support or argument to challenge these conclusions.  Consequently, there is every reason for this Court to grant the Defendants' Motion to Dismiss and to allow the Plaintiffs one more opportunity to re-file only those claims permitted by the Court in <u>Doyle I</u>.

## II.  ARGUMENT

### 1.  THE PLAINTIFFS' AMENDED COMPLAINT RAISES CLAIMS ARISING UNDER FEDERAL LAW.

Article III, §2 of the United States Constitution provides that the "judicial Power shall extend to all Cases, in Law and Equity, arising under the Constitution" and "the laws of the United States."  Art. III, §2.  Section 1331 of Title 28 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.

It has long been established that federal jurisdiction exists where a plaintiff's claims necessarily require the resolution of a substantial federal question.  <u>City of Chicago v. International College of Surgeons</u>, 522 U.S. 156, 163 (1997) (federal question jurisdiction exists where state law cause of action is dependant upon the resolution of a substantial question of federal law); <u>Westmoreland Hosp. Assoc. v. Blue Cross of Western Pennsylvania</u>, 605 F.2d 119, 122 (3d Cir. 1979) (affirming denial of motion to remand where a federal question was alleged on the face of plaintiffs' complaint).  Although a plaintiff is generally the master of his or her own complaint and can choose not to pursue federal claims, the Third Circuit has recognized that a plaintiff cannot avoid removal of a complaint presenting a federal question by "artful pleading" (*i.e.*, disguising a federal question as a state law claim).  <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d 383, 389 (3d Cir. 2002).

The Plaintiffs' artful pleading to avoid federal jurisdiction is quite evident in this case.  For example, although the Plaintiffs' Amended Complaint no longer includes a separate count for the alleged violation of the FDCPA that this Court dismissed in <u>Doyle I</u>, the same alleged FDCPA violation is now asserted as an element of the Plaintiffs' claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  <u>First Amended Complaint</u>, ¶ 143.  Similarly, the Amended Complaint repeatedly alleges Bankruptcy Code violations, including an alleged violation of Section 524 of the Bankruptcy Code as a basis for the Plaintiffs' unfair trade practices claim.[1]  <u>Id</u>. at  ¶¶ 148, 151.  The Plaintiffs' opposition to the Motion to Dismiss in effect urges this Court to ignore the Plaintiffs' repeated references to federal law in the Amended Complaint and allow a state court to decide the case on purely state law grounds. The Third Circuit, however, rejected virtually the identical argument in <u>Westmoreland</u>.

> Notwithstanding their contention that it would have been possible to decide the contract dispute solely on state law precepts, we see that appellants gratuitously volunteered on the face of their complaint legal conclusions based on federal statutes and regulations.  Although these allegations may have been unnecessary for the ultimate disposition of the case, and here we are accepting the appellants' premise, surplusage of federal claims in pleadings is not the test.

<u>Westmoreland</u>, 605 F.2d at 123.  Based on the five references to federal law in the complaint in <u>Westmoreland</u>, the Third Circuit concluded that federal jurisdiction was appropriate.  In this case, the Plaintiffs' Amended Complaint makes more than twenty references to federal law. Moreover, disposition of the Plaintiffs' claims would require construction of both the Bankruptcy Code and the FDCPA.  Consequently, this Court has original subject matter jurisdiction over this suit because the Plaintiffs' claims arise under federal law.

---

[1] The Plaintiffs' continued reliance on the FDCPA and the Bankruptcy Code in support of their claims in the Amended Complaint violates both the letter and the spirit of the parties'

Continued on following page

**2.    THE PLAINTIFFS HAVE NOT CONTRADICTED THE SHOWING THAT THEIR CLAIMS BASED ON ALLEGED VIOLATIONS OF THE FDCPA AND/OR SECTION 524 OF THE BANKRUPTCY CODE ARE BARRED BY COLLATERAL ESTOPPEL AND/OR RES JUDICATA.**

Conspicuous by its absence in the Plaintiffs' opposition to the Motion to Dismiss is any legal argument to refute the Defendants' showing that the Plaintiffs' claims are barred to the extent that they rely on the FDCPA or the Bankruptcy Code.  The Plaintiffs' opposition does not in any way address the conclusion that these claims are barred under the doctrine of res judicata.  With respect to the effect of collateral estoppel on the claims, the Plaintiffs mistakenly rely on a single Common Pleas Court decision.[2]  The only "analysis" of the collateral estoppel issue offered by the Plaintiffs is an unsupported statement that, among other things, the issues to be precluded – whether the Plaintiffs could show a violation of the FDCPA or the Bankruptcy Code – were not involved or decided on the merits in <u>Doyle I</u>.  This allegation is completely refuted by reference to this Court's March 29, 2002 order.

Because the Plaintiffs have offered nothing to rebut the showing in the Memorandum in Support of the Defendants' Motion to Dismiss that all of the elements of res judicata and collateral estoppel are present in this case, this Court should dismiss the Plaintiffs' claims with prejudice to the extent that they are based on alleged violations of the FDCPA or Section 524 of the Bankruptcy Code.

---

Continued from previous page

stipulation, in which the Defendants agreed to consent to a remand of the case should the Plaintiffs file an amended complaint which did not allege any federal claims.

[2] As was discussed in the Defendants' Memorandum in Support of the Motion to Dismiss, federal law determines the preclusive effect of a prior federal court judgment.  <u>Kuhns v. CoreStates Financial Corp.</u>, 998 F.Supp. 573, 575 (E.D. Pa. 1998).

3.    **THE PLAINTIFFS HAVE NOT CONTRADICTED THE SHOWING
THAT COUNTS II AND III OF THE AMENDED COMPLAINT
ARE BARRED BY THE DOCTRINE OF RES JUDICATA.**

Similarly, the Plaintiffs opposition to the Motion to Dismiss does not directly

address the conclusion that Counts II and III of the Amended Complaint should be dismissed

because all of the elements of res judicata or claim preclusion are present with respect to those

claims.  The only argument offered by the Plaintiffs is to state that the dismissal without

prejudice in Doyle I should not result in the elimination of Counts II and III in this case.  As was

discussed in the Memorandum in Support of the Defendants' Motion to Dismiss, however,

Counts II and III were not dismissed without prejudice in Doyle I because they were never

raised.  It is in fact because Counts II and III were not raised in Doyle I that that they should be

dismissed in this case.  Where the requirements for claim preclusion are met, any claims that

were or could have been raised previously must be dismissed as precluded.  Churchill v. Star

Enterprises, 183 F.3d 184, 194 (3d Cir. 1999).  Because the Plaintiffs have not rebutted the

showing that claim preclusion applies to Counts II and III of the Amended Complaint, those

counts should be dismissed with prejudice for failure to state a cause of action under Rule 12

(b)(6) of the Federal Rules of Civil Procedure.

4.    **THE PLAINTIFFS HAVE NOT DISPUTED THE SHOWING THAT
TO THE EXTENT THAT THEIR STATE LAW CLAIMS RELY ON ANY
ALLEGED BANKRUPTCY CODE VIOLATIONS, THOSE CLAIMS ARE
PREEMPTED BY THE BANKRUPTCY CODE.**

The Plaintiffs' opposition to the Motion to Dismiss does not address the showing

in the Memorandum in Support of the Defendants' Motion to Dismiss that the Plaintiffs' state

law claims are preempted by the Bankruptcy Code insofar as the claims rely on alleged

Bankruptcy Code violations.  Consequently, the Plaintiffs' state law claims that rely on alleged

violations of the Bankruptcy Code are preempted by the Bankruptcy Code and should be

dismissed for the reasons set forth in the Memorandum in Support of the Defendants' Motion to
Dismiss.

5.      **THE TRANSCRIPT OF THE MARCH 25, 2002 HEARING SUPPORTS THE
        DEFENDANTS' MOTION TO DISMISS.**

        The Defendants' Motion to Dismiss seeks merely to give effect to this Court's

March 29, 2002 Order.  The Defendants do not contend that the Plaintiffs should not be

permitted to bring the state law claims for breach of contract, unfair trade practices,

misrepresentation, and fraudulent misrepresentation that were dismissed without prejudice in

Doyle I.  The Plaintiffs should not, however, be permitted to use those or any other claims to try

to re-litigate the federal issues under the Bankruptcy Code or the FDCPA already decided by this

Court.

        The transcript from the hearing on the motion to dismiss in Doyle I underscores

the Defendants' position that this Court decisively rejected the Plaintiffs' claims, recycled in this

case, that the Defendants violated either the Bankruptcy Code or the FDCPA.  According to the

Court, there was nothing

>   that leaps out and says, the bank doesn't have a remotely arguable claim to these
>   attorney's fees, so, that one could be justified in characterizing what the bank has been
>   undertaking to do as being in contravention in some fraudulent sense of  - - of the order
>   of discharge under Section 524.  Let alone a - -  a fraud in the sense of a predicate act, a
>   mail fraud essential to the establishment of a RICO claim.  Let alone a - - a deliberate
>   attempt to collect on a debt known by the bank to be improper under the Fair Debt
>   Collection Act.

Transcript of the March 25, 2002 hearing before this Court, attached as Exhibit B to the

Plaintiff's opposition to the Motion to Dismiss, page 16, line 10.

        In dismissing the Plaintiffs' federal claims, this Court recognized that any future

state court action should center on whether the Defendants' "attorney's fees are unreasonable as

distinct from not – not even warranted to the extent of one penny."  Transcript, page 17, line 20.

Similarly, the Court recognized that the Plaintiffs' could not use the FDCPA "to usurp the ordinary place of contract law." Transcript, page 17, line 10.

Rather than following this Court's direction and concentrating their claims on the alleged breach of contract or the reasonableness of the fees charged, the Plaintiffs repeatedly base their claims in the Amended Complaint on the requirements of the Bankruptcy Code and, to a lesser extent, the FDCPA.  As a result, those claims should be dismissed with prejudice as barred by res judicata and collateral estoppel.

### III.    CONCLUSION

For all the reasons set forth above and in the Memorandum in Support of the Defendants' Motion to Dismiss, the Defendants respectfully request that the Court:  1) dismiss with prejudice the Plaintiffs' claims to the extent that they are based on alleged violations of the FDCPA or Section 524 of the Bankruptcy Code, as barred by collateral estoppel and/or res judicata; 2) dismiss with prejudice Counts II and III of the Amended Complaint, as barred by res judicata; 3) dismiss with prejudice the Plaintiffs' claims to the extent that the claims rely on any alleged violations of the Bankruptcy Code, as preempted by the Bankruptcy Code; and 4) dismiss the Plaintiffs' remaining state law claims for lack of subject matter jurisdiction.

Respectfully submitted,

_____

John M. McIntyre, Esquire
PA I.D. No. 78739
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Louis W. Schack
PA I.D. No.  78864
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301

Counsel for Defendants

Of Counsel:
Thomas L. Allen, Esquire
PA. I.D. No. 33243
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Dated:  July  19, 2002

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2002, I served a true and correct copy of the

foregoing by first class United States Mail, postage prepaid, addressed to the following:

Stuart A. Eisenberg, Esquire
McCullough & Eisenberg P.C.
530 West Street Road
Suite 201
Warminster, PA 18974

_____