IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. DOYLE AND PATRICIA DOYLE, HUSBAND AND WIFE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED<br><br>v.<br><br>MELLON BANK, N.A., DAVIS & REILLY, P.C., REED J. DAVIS,  DAVIS DAVIS ATTORNEYS, P.C. and JOHN DOES 1 THROUGH 50 | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No. 02-CV-2939<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO FILE A SECOND AMENDED COMPLAINT AND REMAND**

Eight months after the fact, Plaintiffs are still trying to evade the ruling of this Court. Plaintiffs' Motion to File a Second Amended Complaint and Remand is part of a continuing effort to re-litigate the same claims and issues dismissed with prejudice by this Court on March 29, 2002, this time in state court. There is no need to begin another round of briefing on yet another complaint. Rather, at this point in the litigation, it is more appropriate for this Court to decide which of the Plaintiffs' existing claims should be prohibited under the doctrines of res judicata, collateral estoppel, and preemption. This Court is in the best position to interpret and adjudicate the meaning of its March 29, 2002 ruling and its effect on the Plaintiffs' current and future claims.

Further, despite Plaintiffs' protests to the contrary, the claims alleged in the proposed Second Amended Complaint still arise under federal law. Consequently, even if the Court should allow the filing of Plaintiffs' proposed Second Amended Complaint, the Court should nonetheless deny Plaintiffs' request to remand the case to state court.

## I.     BACKGROUND

Plaintiffs are seeking leave of Court to file a fifth complaint based on the same factual allegations raised in each of the previous four.

This litigation commenced on May 24, 2000, when the Plaintiffs, Thomas W. Doyle and Patricia Doyle ("Plaintiffs"), brought their first class action, Civil Action No. 00-CV-2654 ("Doyle I"), alleging that Mellon Bank, N.A. ("Mellon") and its counsel, Davis & Reilly and Reed J. Davis, wrongfully demanded payment from Plaintiffs for attorneys fees and costs arising from Defendants' collection and mortgage foreclosure efforts.  The gravamen of Plaintiffs' original claims in Doyle I was that Defendants' collection efforts were barred by Mr. Doyle's Chapter 13 discharge, because Defendants had failed to obtain Bankruptcy Court approval of the attorneys fees and associated expenses.  On August 10, 2000, Plaintiffs amended their complaint in Doyle I to add a claim that the mortgage did not authorize Mellon to charge attorneys fees for bankruptcy-related collection activity.

On March 29, 2002, after full briefing by the parties, this Court:  1) granted the Defendants' motion to dismiss in Doyle I; 2) dismissed Counts I, II, and III of the amended complaint (which alleged RICO, bankruptcy law and Fair Debt Collection Practices Act ("FDCPA") violations) with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and 3) dismissed Counts IV, V, VI, and VII of the amended complaint (which raised state law claims for breach of contract, unfair trade practices, misrepresentation, and fraudulent misrepresentation) without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

On April 17, 2002, Plaintiffs initiated this case ("Doyle II") by filing a seven count putative class action Complaint in the Philadelphia Court of Common Pleas.  Like Doyle I, the first complaint in Doyle II also centered around Plaintiffs' allegation that Mellon's attempts to recover its attorneys fees and costs violated the Bankruptcy Code.  Because the Complaint

again alleged federal claims (including the claim for violation of the FDCPA that this Court had previously dismissed with prejudice), Defendants filed a Joint Notice of Removal with this Court on May 16, 2002. Following discussion between counsel, the parties filed a Stipulation and Order For Extension of Time (the "Stipulation") with the Court on May 23, 2002, which stated that should the Plaintiffs file an amended complaint that did not allege any federal claims, Defendants would consent to a remand of the case to the Court of Common Pleas.

On May 30, 2002, Plaintiffs served a copy of their First Amended Complaint on counsel for Defendants. Despite prior assurances to the contrary, the First Amended Complaint continued to assert federal claims. For example, although the Amended Complaint removed the separate count for the alleged violation of the FDCPA that this Court dismissed in Doyle I, the same claim was asserted as a per se violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). First Amended Complaint, ¶ 143, n.28. More importantly, the First Amended Complaint continued to attempt to resurrect the federal claims dismissed in Doyle I by no less than twenty-five references to the Bankruptcy Code and the FDCPA.

Because the Amended Complaint in Doyle II was little more than a repackaging of the claims dismissed with prejudice by this Court in Doyle I, the Defendants filed their Motion to Dismiss the Amended Complaint under the doctrines of res judicata and collateral estoppel. Briefing on the Defendants' Motion to Dismiss closed with the Defendants' Reply Brief, dated July 19, 2002.

Plaintiffs have now moved for leave to file yet another amended complaint. In addition, Plaintiffs have moved to remand the case to state court. To a large extent, however, Plaintiffs' purported state law claims continue to be based on the same claims of alleged

Bankruptcy Code violations that this Court dismissed with prejudice in Doyle I. For example, Plaintiffs' purported state law claims in Counts I and III rely in part on the theory that the attorneys fees charged by Mellon were not "reasonable." Proposed Second Amended Complaint, at ¶¶ 90-91, 112-113. This theory is based on the allegation that "[a]ttorney's fees which have not been allowed or approved by the respective Bankruptcy Courts are, per se, unreasonable. . . ." Id., ¶ 81. Similarly, Plaintiffs' purported UTPCPL, misrepresentation and fraud claims are based in part on allegations that Defendants failed "to reveal these attorney's fees and costs on the proof of claim filed with the Bankruptcy Court." Id., at 130. See also, id., ¶¶ 135, 137, 139, 144.

## II.     STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a party may not amend its pleading more than once without leave of court. Fed.R.Civ.P. 15 (a). Leave to amend should be denied when the amendment would cause undue delay, prejudice to the opposing party, or where the amendment would be futile. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000); Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility is governed by the same standard of legal sufficiency used under Rule 12(b)(6). Id. Courts may also consider whether the plaintiffs have had a sufficient opportunity to plead their allegations. Klein v. General Nutrition Co., Inc., 186 F.3d 338, 346 (3d Cir. 1999).

## III.    ARGUMENT

A.   The Plaintiffs Should Not Be Given Leave to File the Proposed Second Amended Complaint

After two and one-half years and four prior complaints, Plaintiffs now seek leave to file yet another amended complaint against Defendants. Plaintiffs' ostensible purpose in proposing this new amended complaint is to reinforce Plaintiffs' contention that their complaint

-4-

does not state any federal claims and thereby to secure remand to state court.  In fact, however, this new amended complaint continues to be based on some of the very same federal law claims that this Court previously dismissed with prejudice.  For this reason, no legitimate purpose would be served by allowing Plaintiffs to file this new amended complaint.

A close look at the allegations of the proposed amended complaint reveals that Plaintiffs continue to rely on the claim that Defendants violated federal bankruptcy law by seeking reimbursement of Mellon's attorneys fees and costs expended in collection efforts without first obtaining permission of the Bankruptcy Court presiding over Mr. Doyle's Chapter 13 case.  For example, Count I purports to be a state law claim for breach of contract, in which Plaintiffs allege that Mellon breached its mortgage loan agreement with Plaintiffs by charging attorneys fees that were not "reasonable."  <u>Proposed Second Amended Complaint</u> at ¶¶ 90-91.  Elsewhere in the proposed amended complaint, however, Plaintiffs explain that "[a]ttorney's fees which have not been allowed or approved by the respective Bankruptcy Courts are, *per se* unreasonable. . . .  <u>Id.</u> at ¶ 81.  The same theory of "unreasonableness" underlies Plaintiffs' purported state law claim in Count III for violation of 41 P.S. § 401.  By basing these purported state law claims on an alleged violation of federal bankruptcy law, Plaintiffs <u>still</u> are attempting to re-litigate the federal bankruptcy law claim that this Court dismissed with prejudice.

Plaintiffs' fraud-based claims similarly rely on a claimed federal bankruptcy law violation.  Count IV of the proposed amended complaint, which purports to allege a claim under the Pennsylvania UTPCPL, rests in part on Plaintiffs' allegation that Defendants' failure to "reveal these attorney's fees and costs on the proof of claim filed with the Bankruptcy Court and other documents . . . constitutes false representation, by silence, misrepresentation and

fraudulent misrepresentation. . . ." <u>Proposed Second Amended Complaint</u>, at ¶ 130.  Plaintiffs rely on similar allegations to support their purported state law claims for misrepresentation and fraudulent misrepresentation.  <u>Id.</u>, at ¶¶ 135, 137, 139, 144.

Given that Plaintiffs continue to assert the federal bankruptcy claims that this Court has previously dismissed with prejudice, the Court should deny Plaintiffs' motion for leave to amend.  Filling of the proposed amended complaint would merely delay the Court's resolution of the issue of whether the doctrines of res judicata and collateral estoppel preclude Plaintiffs from attempting to re-litigate the claims the Court has previously dismissed.  Moreover, filing of the proposed amended complaint would truly be a futile act, because the proposed Second Amended Complaint contains the same legal deficiencies as the amended complaint previously filed by Plaintiffs.

B.  <u>Even If the Court Allows the Proposed Amendment, The Case Should Not Be Remanded to State Court</u>

In the event that the Court decides to allow the filing of the proposed Second Amended Complaint, the Court should nonetheless deny Plaintiffs' motion to remand.  The proposed Second Amended Complaint continues to rely upon federal claims, which supply a basis for federal subject matter jurisdiction.

As Defendants explained at pages 2-3 of their Reply Brief in Support of Defendants' Motion to Dismiss the Amended Complaint (filed July 19, 2002), a plaintiff cannot avoid federal question jurisdiction by "artful pleading"; <u>i.e.</u>, attempting to disguise a federal question as a state law claim.  <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d 383, 389 (3d Cir. 2002).  As in their previous Complaints in <u>Doyle II</u>, Plaintiffs in their proposed Second Amended Complaint are trying to artfully plead themselves out of this Court by shrouding their

federal claims in state law causes of action.  The Plaintiffs' artful pleading, however, does not change the fact that their claims still arise under the federal bankruptcy laws, as Defendants have explained above.  Consequently, even if the Court allows Plaintiffs to amend their Complaint yet again, Plaintiffs' motion to remand should be denied.  See, e.g., Westmoreland Hosp. Assoc. v. Blue Cross of Western Pennsylvania, 605 F.2d 119, 122 (3d Cir. 1979).

## IV.    CONCLUSION

For all the reasons set forth above, the Defendants respectfully request that the Court deny the Plaintiffs' Motion to File a Second Amended Complaint and Remand the Case.

Respectfully submitted,

_____
John M. McIntyre
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Louis W. Schack
Reed Smith LLP
2500 One Liberty Place
Philadelphia, PA  19103-7301

Of Counsel:
Thomas L. Allen
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Dated:  December 9, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. DOYLE AND PATRICIA DOYLE, HUSBAND AND WIFE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED<br><br>v.<br><br>MELLON BANK, N.A., DAVIS & REILLY, P.C., REED J. DAVIS,  DAVIS DAVIS ATTORNEYS, P.C. and JOHN DOES 1 THROUGH 50 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     Civil Action No. 02-CV-2939 |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Plaintiffs' Motion to File a Second Amended Complaint and to Remand the Case and the Defendants' Opposition thereto, IT IS ORDERED that the Plaintiffs' Motion is DENIED.

By the Court:

_____
, J.