**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS W. DOYLE AND PATRICIA DOYLE, HUSBAND AND WIFE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | : : : : : |
| v. | : : |
| MELLON BANK, N.A., DAVIS & REILLY, P.C., REED J. DAVIS, DAVIS DAVIS ATTORNEYS, P.C. and JOHN DOES 1 THROUGH 50 | : : : : : |

Civil Action No. 02-CV-2939

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' NOTICE OF REMOVAL**

On the basis of his recent Chapter 13 filing, Plaintiff Thomas W. Doyle seeks to

have the Bankruptcy Court wade into litigation that has been on-going in the District Court for

more than three years. There are, however, several compelling reasons to deny Mr. Doyle's

invitation. First, the courts are nearly unanimous that a party may not "remove" an action

pending in a federal district court to a bankruptcy court as the Plaintiffs have attempted to do.

Rather, such a case may only be referred to the bankruptcy court under the requirements and

procedures of 28 U.S.C. § 157. Second, even if the Plaintiffs had followed the correct procedure

and moved to have the case referred to the Bankruptcy Court, referral would not be appropriate.

The Plaintiffs have taken the position in this case that they have raised only state law claims,

which are non-core matters that cannot be finally determined by the Bankruptcy Court.

Similarly, the Plaintiffs' allegations regarding purported absent class members cannot affect

Mr. Doyle's bankruptcy estate and are therefore, by definition, non-core matters. Finally, the

District Court is already very familiar with the Plaintiffs' claims and the history of this litigation.

In fact, currently pending before the Court is a motion filed by the Defendants to dismiss the

Plaintiffs' claims as barred under the terms of an Order issued by the District Court on March 29,

2002 which, among other things, dismissed the Plaintiffs' claims under the Bankruptcy Code.

Because the Plaintiffs have not properly moved to have the case referred to the

Bankruptcy Court, because their claims are non-core matters under 28 U.S.C. § 157, and because

the District Court is already familiar with the issues central to this litigation and is in a better

position to interpret its prior orders, this Court should strike the Plaintiffs' Notice of Removal

and the case should remain in the District Court.

## I.  STATEMENT OF THE CASE

On May 24, 2000, Mr. and Mrs. Doyle brought their first putative class action,

Civil Action No. 00-CV-2654 ("Doyle I"), in the District Court against Mellon Bank, N.A.

("Mellon") and its counsel, Davis and Reilly P.C. ("Davis and Reilly"), and Reed J. Davis.  The

Plaintiffs alleged that the Defendants had wrongfully demanded payment from the Plaintiffs for

attorneys' fees and costs arising from the Defendants' collection and mortgage foreclosure

actions associated with Mr. Doyle's earlier Chapter 13 bankruptcy case.[1]

The Plaintiffs' original complaint in Doyle I alleged violations of the bankruptcy

discharge provision of the Bankruptcy Code, 11 U.S.C. § 524, the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et.seq.*, and the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(6).  The Plaintiffs also raised state law claims for

breach of contract, unfair trade practices, misrepresentation, and fraudulent misrepresentation

and sought injunctive relief.  On August 10, 2000, the Plaintiffs amended their complaint in

---

[1]    Mr. Doyle previously filed a petition for relief under Chapter 13 of the Bankruptcy Code
in 1993, case number Bankr.E.D. Pa. 93-13861.

Doyle I to add a claim that the mortgage did not authorize Mellon to charge attorneys' fees for bankruptcy, and bankruptcy-related activity.[2]

On March 29, 2002, the District Court granted the Defendants' motion to dismiss in Doyle I. The Court's Order dismissed Counts I, II, and III of the amended complaint (which alleged bankruptcy law, RICO, and FDCPA violations) with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismissed Counts IV, V, VI, and VII of the amended complaint (which raised state law claims for breach of contract, unfair trade practices, misrepresentation, and fraudulent misrepresentation) without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Plaintiffs next initiated this case by filing a seven count putative class action Complaint in the Pennsylvania Court of Common Pleas for Philadelphia County ("Doyle II"). The Complaint in Doyle II also centered around the Plaintiffs' allegation that Mellon's attempts to recover its attorneys' fees and costs arising from Mr. Doyle's 1993 bankruptcy case violated the Bankruptcy Code. Count I of the Plaintiffs' Complaint in Doyle II re-alleged the same claim under the FDCPA that the District Court had dismissed in March 2002 in Doyle I. Count II alleged that the Defendants engaged in unfair trade practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et.seq.*, based on the alleged violation of the FDCPA. Counts IV, V, and VI raised state law claims for breach of contract, misrepresentation, and fraudulent misrepresentation, and Count VII again requested

---

[2]     On June 28, 2000, the Plaintiffs repaid their mortgage loan in full. As a result, none of the Defendants plan to file a claim against the bankruptcy estate.

injunctive relief. Count III, which was not raised in Doyle I, alleged that the Defendants violated Pennsylvania's Loan Interest and Protection Law, 41 P.S. § 401, *et.seq.*

On May 16, 2002, the Defendants filed a Joint Notice of Removal with the District Court based upon the federal claims alleged in the Plaintiffs' Complaint.

On May 30, 2002, the Plaintiffs served a copy of their First Amended Class Action Complaint. As was true with their prior Complaint in this case, the Amended Complaint raised claims based on alleged breach of contract (Count I), Pennsylvania's Loan Interest and Protection Law (Count III), unfair trade practices (Count IV), misrepresentation (Count V), and fraudulent misrepresentation (Count VI), and again sought injunctive relief (Count VII). In addition, the Amended Complaint adds a claim for an alleged breach of the obligation of good faith and fair dealing (Count II). Counts II and III in the Amended Complaint in Doyle II were never raised in Doyle I.

On June 13, 2002, the Defendants filed a motion to dismiss the Plaintiffs' Amended Complaint. The Defendants' motion to dismiss argued, inter alia, that the Plaintiffs' claims were barred by res judicata and/or collateral estoppel to the extent that they were based on violations of either the Bankruptcy Code or the FDCPA.

In order to overcome the presumption that their claims were barred under the Court's March 29, 2002 Order, the Plaintiffs' opposition to the Defendants' motion to dismiss ("Plaintiffs' Opposition") argued that none of their claims were based upon either the Bankruptcy Code or the FDCPA. The Plaintiffs' Opposition also argued that, because the Plaintiffs were alleging strictly state-law claims, the case should be remanded to state court. Plaintiffs' Opposition at 4.

On November 14, 2002, the Plaintiffs filed a motion with the District Court to file a Second Amended Complaint and remand the case to state court. Again, the Plaintiffs argued that their proposed complaint set forth solely state law causes of action. The Defendants' opposition to the Plaintiffs' motion requested that the Court first resolve the pending motion to dismiss and thereby determine which of the Plaintiffs' claims were barred by res judicata and/or collateral estoppel.

Most recently, the Plaintiffs filed a purported Notice of Removal from the District Court, premised on Mr. Doyle's Chapter 13 bankruptcy filing of June 3, 2003, docketed at Bankr.E.D. Pa. 03-18467.

## II.    <u>JURISDICTION OVER BANKRUPTCY MATTERS</u>

Section 1334 of Title 28, United States Code, grants district courts jurisdiction over bankruptcy matters as well as cases arising under Title 11. District courts are, however, permitted to refer core proceedings arising under Title 11 as well as non-core matters that are related to cases filed under Chapter 11 to bankruptcy courts under the authority of 28 U.S.C. § 157. § 157 also provides a non-exclusive list of core matters. In cases involving non-core matters, however, bankruptcy judges must submit proposed findings of fact and conclusions of law to the district court and any final orders may only be entered by the district court judge after reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. §157(c)(1). Bankruptcy courts may not entertain cases involving non-core, unrelated matters. 28 U.S.C. § 157(d); <u>In re Galluci</u>, 931 F.2d 738 (11th Cir. 1991).

Paralleling 28 U.S.C. § 157, this Court's standing Bankruptcy Administration Orders dated July 25, 1984 and November 8, 1990 order that only those cases arising under

–5–

Title 11 or related to cases under Title 11 shall be referred to the Bankruptcy Court for the district. The standing Bankruptcy Administration Orders do not specifically address the reference of cases pending in the District Court prior to the commencement of bankruptcy proceedings to which the District Court case may be related. There is no indication in the record that this case has been referred to the Bankruptcy Court.

### III.    ARGUMENT

This Court should immediately strike the Plaintiffs' Notice of Removal. Parties may not "remove" cases pending in a federal district court to a bankruptcy court. Further, even if the Plaintiffs had properly moved to have the case referred to the Bankruptcy Court, they have taken the position that they have raised only state law claims which are non-core matters that cannot be finally determined by the Bankruptcy Court. The Plaintiffs' class action allegations similarly concern issues that are unrelated to the resolution of Mr. Doyle's bankruptcy. As such, they are unquestionably non-core matters. Moreover, given its understanding of its own rulings and the issues involved, the District Court is in the best position to resolve this matter.

### A.    The Plaintiffs Cannot "Remove" This Case From the District Court

Nearly every court that has addressed the issue, including the Bankruptcy Court of this district, has ruled that a party may not "remove" an action from a federal district court to a bankruptcy court. See e.g., In re Cornell & Company, Inc., 203 B.R. 585 (Bankr.E.D. Pa. 1997). In Cornell, as in this case, the debtor attempted to remove a case that had been pending in the District Court for the Eastern District of Pennsylvania to the Bankruptcy Court. Id. The alleged statutory authority for the debtor's attempted removal was 28 U.S.C. §1452(a), which concerns the removal of claims that are related to bankruptcy cases:

>**(a)** A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, **to the district court** for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (emphasis added). By its terms, however, § 1452 concerns only removal <u>to</u> a district court rather than <u>from</u> a district court.

The court in <u>Cornell</u> left no question that an attempt to remove an action from a district court to a bankruptcy court is improper and cannot stand:

>In the past, we have expressed doubt that a removal of a matter pending in the D.C.E.D.Pa. to this court could ever be appropriate. We now state that such an attempted employment of §1452(a) unequivocally cannot be effected, and we express herein a future intention to summarily remand all matters in which such attempts are made under the bankruptcy removal statute.

<u>Cornell</u>, 203 B.R. at 586 (citations omitted). As <u>Cornell</u> recognized, allowing removal of actions to bankruptcy courts from district courts would be contrary to the statutory mechanism for referral called for under 28 U.S.C. § 157. <u>Id.</u>

Nearly every court that has considered the issue has agreed with the reasoning of <u>Cornell</u> that a case may not be removed from a federal district court to a bankruptcy court. <u>In re Mitchell</u>, 206 B.R. 204, 209-212 (Bankr.C.D.Cal. 1997) (stating that common sense and 28 U.S.C. § 157 dictate that actions pending in a federal district court may not be removed to a bankruptcy court); <u>Centrust Savings Bank v. Love</u>, 131 B.R. 64, 66 (S.D. Tex. 1991) ("A case is never removed from a United States district court to the bankruptcy court. . . . These rules [referring to the provisions of Bankruptcy Rule 9027] clearly demonstrate that the bankruptcy courts receive cases by referral, never by removal"); <u>Thomas Steel Corp. v. Bethlehem Rebar</u>

Industries, Inc., 101 B.R. 16 (Bankr.N.D. Ill. 1989) ("In light of the plain language of Section
1452 and the overall jurisdictional scheme of the 1984 amendments, it must be concluded that
removal from the district court to the bankruptcy court is not permitted").

Because the Plaintiffs' attempt to remove this case to the Bankruptcy Court is
expressly prohibited under Cornell, the Plaintiffs' Notice of Removal is "simply void." Cornell,
203 B.R. at 586.  Accordingly, the Plaintiffs' Notice of Removal should be stricken, and the case
should proceed in the District Court.  Id. at 587.

### B.    The Claims Set Forth In The Complaint Are Non-Core.

Even if the Plaintiffs had properly requested that this case be referred to the
Bankruptcy Court, which they have not, their request should be denied because they have not
raised core claims.  The threshold issue in determining whether to permit the case to proceed in
the bankruptcy court is whether the claims are core or non-core.  Halper v. Halper, 164 F.3d 830,
839 (3d Cir. 1999).  The Third Circuit has held that "[i]f the proceeding does not invoke a
substantive right created by the federal bankruptcy law and is one that could exist outside of
bankruptcy, it is not a core proceeding . . . ."  In re Guild and Gallery Plus, Inc., 72 F.3d 1171,
1178 (3d Cir. 1996)(citation omitted).  The Third Circuit employs a claim-by-claim analysis to
determine whether a particular matter is core or non-core.  Halper, 164 F.3d at 839.

Application of the Third Circuit's test to the Plaintiffs' Amended Complaint
makes it clear that none of their claims are "core."  Whatever claims that the Plaintiffs may have
had under the Bankruptcy Code relating to Mr. Doyle's 1993 bankruptcy filing were dismissed
by the District Court on March 29, 2002.  In an effort to escape the preclusive bar of that ruling,
the Plaintiffs have argued that their current claims are based exclusively on alleged violations of
state law.  Common sense dictates that the Plaintiffs cannot argue that their claims are not based

on the Bankruptcy Code to avoid dismissal while also alleging that their claims invoke rights
created by the Bankruptcy Code to have their claims heard in the court of their choice.

A number of courts have recognized that claims such as those raised by the
Plaintiffs are not core matters under §157.  For example, the Third Circuit in Halper held that
state-law contract claims were not core matters, even though the contract obligations could have
been affected by federal bankruptcy law.  Halper, 164 F.3d at 838.  Similarly, in another case
from this district, the court ruled that prepetition state law breach of contract claims brought by
debtor plaintiffs against mortgagees seeking the release of escrow funds were not core
proceedings.  In re Baltic Associates, L.P., 149 B.R. 93 (Bankr.E.D. Pa. 1993).  Likewise, in In
re Hoffman, 99 B.R. 929 (N.D. Iowa 1989), the court found that a creditor's motion to dismiss a
debtor's lender liability action was a non-core matter because it was based solely on state law
and could have been brought regardless of whether bankruptcy had been filed.  See also In re
Pelullo, 1997 U.S.Dist. LEXIS 12372 (E.D. Pa 1997) (Finding the prepetition claim at issue to
be non-core because it "depends solely on state law and could proceed outside of the bankruptcy
court.").  Because the Plaintiffs contend that their claims in this case are based on strictly
state-law theories and existed long before Mr. Doyle filed his current Chapter 13 petition, those
claims are not core matters and should be heard in the District Court.

Moreover, the fact that the Plaintiffs have chosen to file this matter as a putative
class action further demonstrates the non-core nature of their claims.  In a case involving claims
similar to those brought by the Plaintiffs here, the bankruptcy court held that it did not have
jurisdiction over claims regarding absent class members.  In re Fisher, 151 B.R. 895 (Bankr.N.D.
Ill. 1993).  Fisher involved a putative class action complaint that alleged that the plaintiffs were
harmed by a residential mortgagee's escrow practices during the administration of the debtors'

–9–

bankruptcy estates.  Also, as in this case, the plaintiffs' claims in <u>Fisher</u> involved alleged

violations of state statutes and state contract law.  The defendants in <u>Fisher</u> filed a motion to

dismiss the complaint as to the absent class members for lack of subject matter jurisdiction.

After reviewing the language of 28 U.S.C. §157 and the nature of the plaintiffs' claims, the court

ruled that the claims raised regarding absent class members were not core claims arising under

Title 11:

> [T]his class action invokes rights created by state statutes
> governing unfair and deceptive practices and by state contract law.
> These claims could exist outside the bankruptcy context.
> Moreover, even though these claims allegedly accrued during
> chapter 13 cases, the claims could have been prosecuted in state
> court.  The Debtors cannot create "arising under" jurisdiction over
> the class action merely by limiting the class to chapter 13 debtors.
> Therefore, notwithstanding the potential implication of Bankruptcy
> Code provisions and policy, the absent class members' claims do
> not "arise under" Title 11.

<u>Fisher</u>, 151 B.R. at 898 (footnote omitted).  Similarly in this case, the claims raised by the

Plaintiffs "invoke rights created by state statute" and "by state contract law" and as a result, the

claims regarding absent class members are not core matters and cannot be resolved by the

Bankruptcy Court.

Finally, a further illustration that the Plaintiffs claims are not core matters is the

fact that one of the two Plaintiffs, Patricia Doyle, has never filed for bankruptcy.  Perhaps that

explains why the Plaintiffs' "Notice Of Removal" did not mention Mrs. Doyle and her claims.

Because, according to the Plaintiffs, Mrs. Doyle's claims do "not invoke a substantive right

created by the federal bankruptcy law" and "could exist outside of bankruptcy" they are not core.

<u>In re Guild and Gallery Plus</u>, 72 F.3d at 1178.  <u>See also</u> <u>In re Grell</u>, 83 B.R. 652 (Bankr.D. Minn.

1988) (Finding that the bankruptcy court had no authority under 28 U.S.C. §157 to hear claims

raised against bankruptcy debtor's wife). The fact that Mr. Doyle asserts the same claims as his wife confirms the non-core nature of his claims.

### C.    The Plaintiffs' Claims Are Not "Related To" Mr. Doyle's Bankruptcy.

Because the Plaintiffs' claims are not core matters under 28 U.S.C. §157, they must be heard in the District Court unless they are deemed to be "related to" the bankruptcy. Given the class action allegations made by the Plaintiffs and the fact that Mrs. Doyle has not herself filed a petition in bankruptcy, their claims are wholly unrelated to Mr. Doyle's bankruptcy.

For non-core matters such as those raised in this case, a district court may, in its discretion, allow a bankruptcy court to hear a case only if the claims are "related to" a bankruptcy case:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

"[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Halper, 164 F.3d at 836. Despite the seemingly broad sweep of the Third Circuit's test, the nature of the Plaintiffs' claims in this matters suggests that they are not, for the most part, related to Mr. Doyle's bankruptcy. For example, the claims raised by Mrs. Doyle and the absent members of the Plaintiffs' proposed class cannot have any effect upon

Mr. Doyle's bankruptcy estate.  See Fisher, 151 B.R. at 897.  In Fisher, the court held that the

claims raised by the absent class members were not "related to" the Chapter 13 case before the

court because the absent class members' claims could not affect the amount of property available

for distribution in the one case before the court.  Id.  Similarly, because the claims raised by

Mrs. Doyle and the absent class members will not affect Mr. Doyle's bankruptcy estate, they are

not related to the bankruptcy and should be heard in the District Court.

### D.    The District Court Is the Most Appropriate Forum For The Resolution of The Plaintiffs' State Law Claims.

Even if the Plaintiffs had properly moved to have the case referred to the

Bankruptcy Court and even if the Court were to determine that the Plaintiffs' claims are related

to Mr. Doyle's bankruptcy, issues of judicial efficiency and cost still favor the case remaining in

the District Court.  The District Court has substantial experience with the claims raised in this

case and has already ruled on the merits of the Plaintiffs' claims under the Bankruptcy Code.

Further, because the Bankruptcy Court cannot enter a final order in a non-core matter such as

this, any proposed findings of fact and conclusions of law the Bankruptcy Court would prepare

must be reviewed *de novo* by the District Court.  Duplication of efforts in the Bankruptcy Court

and the District Court would be inefficient and would simply increase the costs to the parties and

the burden on this Court.

Even if a non-core matter is deemed related to a bankruptcy case, the district

court may still choose to hear the case based on factors such as the most efficient use of judicial

resources, reduced delay and costs to the parties, and the prevention of forum shopping.  In re

Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993).  The fact that a case is a non-core

proceeding, however, weighs in favor of the district court hearing the case, because any

determination by the bankruptcy court would be subject to de novo review.  Id.

> 1.     **The Need For De Novo Review Of The Bankruptcy Court's Orders Generally Suggests That The District Court Retain The Case.**

With respect to non-core claims such as those brought in this case, "the

Bankruptcy Court's adjudicatory power is limited to hearing the dispute and submitting proposed

findings of facts and conclusions of law to the District Court."  Halper, 164 F.3d at 836 (internal

quotes omitted).  The district court, must then conduct a *de novo* review of any rulings made by

the bankruptcy court to which the parties may raise objections.  Id.

In the event that objections are raised, the scope of the *de novo* review is

governed by Federal Rule of Bankruptcy Procedure 9033(d), which requires the district court to

independently review all of the evidence on every disputed finding or conclusion, including the

actual testimony, and frequently requires the taking of additional testimony:

> Standard of Review.  The district judge shall make a *de novo*
> review upon the record, after additional evidence, of any portion of
> the bankruptcy judge's findings of fact or conclusions of law to
> which specific written objection has been made in accordance with
> this rule.  The district judge may accept, reject, or modify the
> proposed findings of fact or conclusions of law, receive further
> evidence, or recommit the matter to the bankruptcy judge with
> instructions.

"The essence of de novo review, therefore, is that the district judge's opinion will

govern the resolution of the matters dealt with by the bankruptcy judge and as to which any party

files an objection."  Id.  See also Moody v. Amoco Oil Company, 734 F.2d 1200, 1209-10 (7th

Cir. 1984) ("De novo review requires the district court to make an independent judgment of the

issues.  The District Court conducted two hearings.  It invited the parties to submit affidavits.

The court stated in its opinion that it examined the entire record before the bankruptcy court and gave no deference to the bankruptcy court's findings and conclusions.  The court did all that the rule requires"); In re Castro, 919 F.2d 107, 108 (9th Cir.1990) ("Although new hearings are not required for *de novo* review, a review of the record is required.  An appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony."); see also, Jeffrey v. Board of Education, 896 F.2d 507, 513 (11th Cir. 1990).

Resolution of non-core matters in the district court, which alone has the authority to enter final orders, avoids unnecessary costs, conserves the assets of the estate, promotes judicial economy and avoids piecemeal litigation.  Hatzel & Buehler, Inc. v. Orange & Rockland Utils., 107 B.R. 34, 40 (D. Del. 1989);  See also In re NDEP, Inc., 203 B.R. 905, 913 (D. Del. 1996) (judicial economy a factor supporting court's decision to withdraw reference of non-core state breach of contract claims).

Most courts have also agreed that pre-trial proceedings in non-core matters are better dealt with by the district court.

> [P]ermitting this action to proceed in the bankruptcy court, even for pre-trial matters, would require duplication of the bankruptcy court's efforts, since defendants have not consented to entry of final judgment by the bankruptcy court.  Under such circumstances, this Court would have to review the bankruptcy court's orders de novo, and conduct a jury trial without the benefit of having overseen pre-trial matters.  Moreover, Pelullo's state claims [fraud, breach of fiduciary duty, and legal malpractice] are not the type of claims typically heard in the bankruptcy court and could require extensive discovery and instruction to the jury on the law of Pennsylvania or possibly another state.

In re Pelullo, 1997 U.S.Dist. LEXIS 12324, *3 (E.D. Pa. 1997).

**2.    The District Court Is In The Best Position To Decide The Plaintiffs' Claims In This Case.**

The Plaintiffs first brought these claims more than three years ago in the District Court. Since that time, the District Court has reviewed five different complaints filed by the Plaintiffs. The parties have repeatedly briefed and argued motions to the District Court relating to the validity of the Plaintiffs' claims. After full briefing and argument, the District Court dismissed the Plaintiffs' claims arising under the Bankruptcy Code, the FDCPA, and the RICO statute. The District Court has also reviewed the parties' briefs as to which, if any, of the Plaintiffs' current claims may be barred under the terms of the District Court's March 29, 2002 Order. At this point, the District Court is in the best position to interpret its prior Order and its effect on the Plaintiffs' current claims.

It will undoubtedly be more efficient and less costly to have this matter heard in the District Court. Because the parties would be free to contest any rulings made by the Bankruptcy Court if the case were to remain there, the District Court may be required to review all of the Bankruptcy Court's proposed dispositive orders *de novo*, including the pending motion to dismiss. Given the District Court's already substantial knowledge of this matter, it would be needlessly wasteful of judicial resources to require the Bankruptcy Court to delve into the case only to potentially turn each of its orders over to the District Court for de novo review.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that the District Court enter an Order striking Plaintiffs' Notice of Removal, directing that all discovery and

pre-trial proceedings shall take place in the District Court, and providing such other and further

relief as it deems just and proper.

Respectfully submitted,

_____

Thomas L. Allen
PA. I.D. No. 33243
John M. McIntyre
PA I.D. No. 78739
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219
(412) 288-3822

Louis W. Schack
PA I.D. No.  78864
Derek J. Baker
PA I.D. No.  82207
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8252

Counsel for Defendants Mellon Bank, N.A.,
Davis & Reilly, P.C., Reed J. Davis, and Davis
Davis Attorneys, P.C.

Dated:  July ___, 2003

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July _____, 2003, I served a true and correct copy of the

foregoing by first class United States Mail, postage prepaid, addressed to the following:

Stuart A. Eisenberg, Esquire
McCullough & Eisenberg P.C.
530 West Street Road
Suite 201
Warminster, PA 18974


_____