IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS W. DOYLE AND PATRICIA
DOYLE, HUSBAND AND WIFE,
INDIVIDUALLY AND ON BEHALF
OF OTHERS SIMILARLY SITUATED
         Plaintiffs,

v.

MELLON BANK, N.A.,
DAVIS & REILLY, P.C.,
REED J. DAVIS, DAVIS DAVIS
ATTORNEYS, P.C. and JOHN DOES 1
THROUGH 50
         Defendants.

Civil Action No. 02-cv-2939

OPINION

March 24, 2004

**Procedural History**

      On March 29, 2002, this court dismissed plaintiffs' federal claims with prejudice and dismissed plaintiffs' state law claims without prejudice, stating that the defendants' Motion to Dismiss was granted for reasons given in court on March 25, 2002. At the March 25, 2002 hearing, this court granted defendants' Motion to Dismiss for lack of federal question jurisdiction. Tr. of Mot. to Dismiss Hr'g at 18. The transcript of the hearing on the Motion to Dismiss makes clear the insufficiency of all the federal claims asserted by the plaintiffs. Tr. of Mot. to Dismiss Hr'g at 18. This court stated that the dispute is "essentially a contract dispute [...]," which involves "the stuff of the law of contract and not of the law of fraud [...]," and that "issues as to reasonableness are again to be determined in the context of a civil action – civil in

the contract sense [...]." Tr. of Mot. to Dismiss Hr'g at 17, 18.

On April 17, 2002, plaintiffs filed a seven-count class action complaint, Doyle II, in the Philadelphia Court of Common Pleas. The case was removed to the District Court after defendants filed a Joint Notice of Removal in the District Court based on Count I of the Doyle II complaint, which re-alleged the FDCPA claim this court had dismissed with prejudice. Subsequently, the parties filed a Stipulation and Order for Extension of Time with the court, which contained only one requirement – that plaintiffs file an amended complaint not alleging any federal claims. Under the stipulation, if plaintiffs filed an amended complaint that did not allege any federal claims, defendants would consent to a remand of the case to the Court of Common Pleas of Philadelphia County.

On May 31, 2002, plaintiffs served a copy of their First Amended Complaint. The First Amended Complaint raised state-law claims based on breach of contract (Count I), breach of the obligation of good faith and fair dealing (Count II), Pennsylvania's Loan & Interest Protection Law (Count III), unfair trade practices (Count IV), misrepresentation (Count V), fraudulent misrepresentation (Count VI), and seeking injunctive relief (Count VII).

On June 17, 2002, defendants filed a Motion to Dismiss the plaintiffs' First Amended Complaint as barred by res judicata and/or collateral estoppel, arguing that the claims were based on or preempted by the Bankruptcy Code or based on the FDCPA. On November 19, 2002, plaintiffs filed a consolidated Motion [for leave] to File Second Amended Complaint and Motion to Remand. On June 20, 2003, plaintiffs filed a Notice of Removal from United States District Court to United States Bankruptcy Court, purportedly pursuant to Federal Rule of Bankruptcy Procedure 9027. Defendants responded by filing a Motion to Strike the Plaintiffs' Notice of Removal from United States District Court to United States Bankruptcy Court on July 24, 2003.

All three motions are presently before this court.

**Discussion**

**I.     Removal**

(a)     Rules and Statutes

Plaintiffs' Notice of Removal is described as being "Pursuant to B.R.C.P. 9027." But the Rule offers plaintiffs no support. Rule 9027 speaks of removal "to a district court" and contemplates that it may be followed by a district court referral of the case to a bankruptcy court. B.R.C.P. 9027(e)(1) and (e)(2). Since Rule 9027 does not support plaintiffs' Notice of Removal, the next question is whether the Notice of Removal is supported by any relevant statutes.

Removal is governed by Chapter 89 of Title 28. All sections of Chapter 89, other than the last, deal with removal from a "state court" (defined as including the Superior Court of the District of Columbia, 28 U.S.C. § 1451) to a federal district court. The last section of Chapter 89 – Section 1452 – deals with removal to a federal district court from another federal court. Section 1452 is captioned "Removal of claims related to bankruptcy cases." It reads as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this Title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

It is to be noted that § 1452 says nothing about removal <u>from</u> a district court to any other court, including a bankruptcy court. Indeed, neither section 1452 nor any other section of Chapter 89 mentions bankruptcy courts. Accordingly, Chapter 89 offers no statutory support for plaintiffs' attempt to remove this matter to the bankruptcy court.

Nor are plaintiffs aided by 28 U.S.C. § 157, which governs bankruptcy court procedures. Section 157 makes it clear that bankruptcy court authority derives from the district courts which are empowered, in the exercise of their discretion, to refer bankruptcy cases to, and withdraw them from, the bankruptcy courts.[1]

(b)     <u>The caselaw</u>

Given that no rule of court and no statute authorizes a litigant to remove a case from a district court to a bankruptcy court, the remaining question is whether there is a substantial body of caselaw supporting the notion that there is a non-rule-or-statute-based, judicially constructed, practice recognizing a district court litigant's entitlement, in a case assertedly having a

---

[1] The relevant portions of 28 U.S.C. § 157 are as follows:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 [...] referred under subsection (a) of this section [...].
> [...]
> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157 (2004).

bankruptcy ingredient, to remove that case from the district court to a bankruptcy court.

The only pertinent reported cases that have come to this court's attention are decisions of bankruptcy courts, with the exception of one district court. In two instances bankruptcy courts have sustained removal. Philadelphia Gold Corp. v. Fauzio, 56 B.R. 87 (Bankr.E.D. Pa. 1985); MATV-Cable Satellite Inc. v. Phoenix Leasing Inc., 159 B.R. 56 (Bankr.S.D. Fla. 1993). In Philadelphia Gold the court held that the term "district court," in 28 U.S.C. § 1452(a) should be "deemed to denote the bankruptcy court." 56 B.R. at 89. In MATV the court acquiesced in removal but was imprecise as to the rationale.

Five bankruptcy courts and one district court have found no authority to support removal from a district court to a bankruptcy court. Centrust Savings Bank v. Love, 131 B.R. 64, 65 (S.D. Tex. 1991); Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc., 101 B.R. 16, 19 (Bankr.N.D. Ill. 1989); In re: Interpictures, Inc., 86 B.R. 24, 28-29 (Bankr.E.D. New York 1988); In re: Mitchell, 206 B.R. 204, 210-211 (Bankr.C.D. California 1997); Sharp Electronics Corp. v. Deutsche Financial Services Corp., 222 B.R. 259, 263 (Bankr.D. Md. 1998); In re: Cornell & Company, Inc., 203 B.R. 585, 586 (Bankr.E.D. Pa. 1997). Both Cornell and Thomas Steel rejected the contention that "district court" in section 1452(a) could be read as embracing bankruptcy courts. Cornell, 203 B.R. at 586; Thomas Steel, 101 B.R. at 19. The Cornell court observed that Philadelphia Gold's reading of the statute would create a "gap" in the district court's complete referral power over bankruptcy matters [...]." Cornell, 203 B.R. at 586, and noted that, even if a bankruptcy court had authority to accept removal of a case, that authority would be undermined by 28 U.S.C. § 157(d), which gives district courts the power to withdraw cases from bankruptcy courts. Id. It is the view of this court that the rulings in Cornell and Thomas Steel are wholly persuasive.

Accordingly, plaintiffs' Notice of Removal of the case at bar from this court to the bankruptcy court is deemed to be without effect, and will be stricken.

**II.     Leave to Amend and Remand & Motion to Dismiss**

Not every claim involving a question of federal law "aris[es] under" federal law as articulated by section 1331 of Title 28. See, e.g., Trent Realty Associates v. First Federal Savings and Loan Association of Philadelphia, 657 F.2d 29, 32-33 (3d Cir. 1981) (citing Gully v. First National Bank in Meridian, 299 U.S. 109, 115 (1936). The claim must depend upon the resolution of a substantial question of federal law. Id. As noted above, the First Amended Complaint raised purely state-law claims.

As this court made clear in its Order of March 29, 2002 and at the hearing of March 25, 2002, the questions embodied in this dispute are state law questions which should be decided in state court. The fact that plaintiffs' pleadings may ornament the state law claims by reference to standards said to be derived from federal law does not change the state law claims into federal questions.

Accordingly, in an order accompanying this opinion, defendants' Motion to Strike Plaintiffs' Notice of Removal from United States District Court to United States Bankruptcy Court will be granted; plaintiffs' Motion [for leave] to File Second Amended Complaint and Motion to Remand will be granted; and defendants' Motion to Dismiss will be denied.